No. 18,582. .
W. H. BOWERS, *Appellee,* v. LIZZIE T. JETT et al.,
*Appellants.*

OPINION DENYING A REHEARING.

Appeal from Wyandotte district court, division
No. 1; EDWARD L. FISCHER, judge. Opinion denying a
rehearing filed March 7, 1914, (For original opinion
see *ante,* p. 364, 137 Pac. 786.)

*John A. Hale,* of Kansas City, *H. L. Burgess, I. O.
Pickering,* both of Olathe, *Hugh C. Smith,* and *Leslie
J. Lyons,* both of Kansas City, Mo., for the appellants.

*Thomas Irish,* of Kansas City, Mo., *William B. Sutton,* and *William B. Sutton, jr.,* both of Kansas City,
for the appellee.

The opinion of the court was delivered by

MASON, J.: In a petition for a rehearing it is strongly
urged that the opinion heretofore filed does not meet
the contentions of the appellants, and does not adopt a
definite theory in support of the decision made. In the
opinion it was said that the plaintiff could not prevail,
whether or not there was a redemption from the sale
under the first mortgage. The petitioner suggests that
we should determine that there was or that there was
not a redemption, and that his theory presents a third
hypothesis—that of merger. The facts of the case are
unusual; the situation presented is in some respects
unique. It is not necessary that the resulting condi-
tion should be given a name. However, we are clear
that what was actually done may be regarded as
amounting to a redemption—that the rights of the
parties were the same as though a formal redemption
had been made. The second mortgagee was a party to
the partition action in which the sale to Mrs. Jett was
made. The sale purported to convey the property itself,

and not the property subject to the second mortgage. The sale was for two-thirds of the appraised value of $3600, which manifestly represented the estimated value of the property, and not of the property subject to a mortgage. Whether or not the proceedings with regard to the sale were erroneous, they were not appealed from, and are binding upon the owner of the second mortgage. His interest was cut off by the sale because of his being a party to the litigation. (*Woodman v. Davison*, 85 Kan. 713, 716, 118 Pac. 1066.) In these circumstances we can not regard it as equitable to hold that the second mortgage became a first lien through a merger of the prior lien with the title. The petition for a rehearing is denied.